IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DANIEL A. BROCK, and SUSAN G. BROCK, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. |
| v. | : | 7:11-cv-149 (HL) |
| | : | |
| ARTRAZZ INC. TRANSPORTATION SERVICES, MICHAEL J.W. NADEAU, And ZURICH INSURANCE CO., LTD., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Defendants in this case filed a Notice of Removal on November 3, 2011, removing the case from the State Court of Lowndes County, Georgia to this Court on the basis of diversity jurisdiction in accordance with 28 U.S.C. § 1332.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint to determine whether the jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Having concluded that the requirements for diversity jurisdiction have not been met, the Court orders the case remanded to state court until such a time that the Defendants can conclusively demonstrate proper subject matter jurisdiction.

I. **Federal Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction. Morrison, 228 F.3d at 1260-61. Article III of the United States Constitution sets the outer boundaries of judicial jurisdiction, and Congress is vested with the discretion to determine the scope of subject matter jurisdiction within that broad constitutional grant. Id. at 1261. Congress can "give, withhold, or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case originally filed in state court if the defendant can show federal subject matter jurisdiction. For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed. Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 972 (11th Cir. 2002). In reviewing notices of removal, removal statutes should be strictly construed, and in the face of a conflict, all uncertainties should be resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Federal subject matter jurisdiction includes diversity jurisdiction, which is established through the fulfillment of two statutory requirements: 1) complete diversity between the parties, and 2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this case, Defendants have demonstrated

that the element of complete diversity between the parties has been satisfied. Plaintiffs are citizens and residents of the State of Georgia. Defendant Artrazz is a Canadian company, incorporated in Canada with its principal offices in Quebec, Canada. Defendant Nadeau is a Canadian citizen and resident of Quebec, Canada. Defendant Zurich is a Canadian company, incorporated in Canada, with its principal offices in Ontario, Canada. The parties are diverse within the meaning of 28 U.S.C. § 1332, and thus, the only jurisdictional question remaining unanswered is whether the amount in controversy requirement has been satisfied.

    a. **Amount in Controversy Requirement**

In a removal action, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co. Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). The amount in controversy must be stated with particularity and in good faith, and remand is justified if it appears to a "legal certainty" that the claim is for less than $75,000. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938). However, "where jurisdiction is based on a claim for indeterminate damages, the 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the

jurisdictional minimum." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

To determine the amount in controversy, the Court can consider specific evidence along with any "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the requirements for federal subject matter jurisdiction are met. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). In those cases where the complaint alleges indeterminate damages, the court may rely on its judicial experience and common sense to determine if the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010).

In this case, Defendants recognized that "the Complaint does not give a specific amount in controversy in this case and it was not apparent from the face of the complaint that this case was subject to removal based upon the requirements pertaining to diversity jurisdiction, in particular, the requirement that the amount in controversy must exceed $75,000.00, exclusive of interest and costs." (Doc. 1, ¶ 3.) Without a clear indication of the amount of damages in the Complaint, Defendants attempted to discover the exact amount in controversy by serving Plaintiffs with Requests for Admissions. In their response to these Requests for Admission, Plaintiffs stated that they were unable to answer the inquiries because they did not yet have sufficient information to estimate the amount of damages. Thereafter, Defendants tried again to learn the amount of

damages, writing Plaintiffs a letter asking specifically whether the case would be over or under the $75,000 limit for federal jurisdiction. Plaintiffs again responded that they were unable to estimate damages without further discovery.

Defendants now file this Notice of Removal, recognizing that Plaintiffs have not yet explicitly informed Defendants of the amount of damages they will seek. Nonetheless, Defendants assert that the Court should employ its judicial experience and common sense and find that the claimed damages satisfy the amount in controversy requirement.

While the Court is allowed to apply judicial experience and common sense to determine the amount in controversy, the Court cannot be expected to guess if the requirement has been satisfied. Here, the Complaint states that both Plaintiffs suffered personal injuries, but gives no indication of the extent of those injuries. The only specific medical expenses listed in the complaint include $27,000 in treatment for Susan Brock and $3,000 in treatment for David Brock. Further, both Plaintiffs claim lost wages, but neither Plaintiff gives an estimate as to the amount of those damages. Simply put, based on the information available to the Court, to estimate the amount of damages would be to speculate. Without further information, the Court cannot in good faith find that the amount in controversy requirement has been satisfied.

In this case, Defendants have failed to carry their burden of establishing the amount in controversy and the case is remanded to state court. Neither the

Complaint nor any information learned during discovery convinces the Court that the damages in this case exceed $75,000. However, if a case is not initially removable based on the contents of the complaint, a defendant has up to one year to remove the case from the date of the commencement of the action. *See* 28 U.S.C. § 1446(b).

Additionally, the Court acknowledges Defendants' request to limit Plaintiffs from seeking more than $75,000 in state court, but declines to rule on the issue. Instead, the amount of damages shall be left to the discretion of the state court.

**SO ORDERED**, this the 7th day of November, 2011.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

ebr